**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Physicians Healthsource, Inc., an Ohio
corporation, individually and on behalf of
all others similarly situated,

       Plaintiff,                                  Case No.

       v.

DOCTOR DIABETIC SUPPLY, LLC, a
Florida limited liability company, and
JOHN DOES 1-10,

       Defendants.

## CLASS ACTION COMPLAINT

Plaintiff, PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, DOCTOR DIABETIC SUPPLY, LLC and JOHN DOES 1-10 (collectively, "Defendants").

## PRELIMINARY STATEMENT

1. This case is a consumer class action related to Defendants' practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500.00 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against the Defendants under the TCPA and for Common Law Conversion.

5. Plaintiff seeks an award of statutory damages, individually and on behalf of the Class, for each violation of the TCPA and for damages under common law conversion.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Defendants committed a statutory tort in Florida and within this judicial district.

## PARTIES

8. On information and belief, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., is an Ohio corporation.

9. On information and belief, Defendant, DOCTOR DIABETIC SUPPLY, LLC, is a Florida limited liability company with its principal place of business in Miami, Florida.

10. Defendants, JOHN DOES 1-10, will be identified in discovery but are not presently known.

## FACTS

11. On or about July 1, 2008, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12. Defendants created or made Group Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

13. Defendants sent the same form facsimile to the entire class. Defendants' facsimile was successfully sent to Plaintiff and more than fifty (50) other recipients.

14. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15. Plaintiff had not invited or given permission to Defendants to send faxes.

16. There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17. On information and belief, Defendants faxed the same or similar unsolicited facsimiles to Plaintiff to more than fifty (50) other persons without first receiving the recipients' express permission or invitation.

18. Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

19. Plaintiff, on behalf of itself and all others similarly situated, incorporates Paragraphs 1 through 18 as though fully set forth herein, as and for its Paragraph 19.

20. In accordance with Fed. R. Civ. P. 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship (the "Class"), and (5) which did not display a proper opt out notice.

Excluded from the Class are Defendants, their members, managers, employees, agents, and the members of the Judiciary.

21. A class action is warranted because:

22. <u>Numerosity [Fed. R. Civ. P. 23(A)(1)]</u>. The class includes more than fifty (50) persons and, therefore, is so numerous that individual joinder would be impracticable.

23. <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all class members, including but not limited to the following:

    (i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Group Exhibit A, and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future;

(viii) Whether the Court should award treble damages; and

(ix) Whether Group Exhibit A and the other advertisements displayed the proper opt out notice required by 64 C.F.R. 1200.

24. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all class members. Plaintiff received facsimiles sent by or on behalf of Defendants that advertised Defendants' goods and services during the Class Period. Plaintiff is making the same claims and seeks the same relief for itself, and all class members based on the same federal statute, and Defendants have acted in the same or in a similar manner with respect to Plaintiff and all the class members.

25. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will

fairly and adequately represent and protect the interests of the Class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

26. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute, *i.e.* 47 U.S.C. § 227. Common fact issues also predominate. Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way where, as here, the class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

27. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

28. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

29. The TCPA provides:

    3. <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

     (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

     (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

     (C) Both such actions.

30. The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

31. Defendants violated 47 U.S.C. § 227, *et seq.* by sending advertising faxes (such as Group Exhibit A) to Plaintiff and the other members of the Class without first obtaining their prior express invitation or permission and by not displaying the proper opt out notice required by 64 C.F.R. 1200.

32. The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

33. Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Group Exhibit A are advertisements.

34. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in

the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine, cost Plaintiff time that was wasted receiving, reviewing and routing Defendants' unauthorized faxes that otherwise would have been spent on Plaintiff's business activities, and unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, DOCTOR DIABETIC SUPPLY, LLC and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II

### CONVERSION

35. Plaintiff, on behalf of itself and all others similarly situated, incorporates Paragraph 3, and 6 through 17 as though fully set forth herein, as and for its Paragraph 35.

36. In accordance with Fed. R. Civ. P. 23, Plaintiff brings Count II for conversion under the common law for the following Class of persons:

> All persons who on or after a date of four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

37. A class action is proper in that:

   (a) On information and belief, the Class consists of fifty (50) or more persons and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the Class predominating over questions affecting only individual Class members, including:

   (i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

   (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Group Exhibit A and other unsolicited faxes; and

   (iii) Whether Defendants committed the tort of conversion.

38. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the Class.

39. A class action is an appropriate method for adjudicating this controversy fairly and effectively. The interest of the individual Class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

40. By sending Plaintiff and other Class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to their own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

41. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

42. By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

43. Defendants knew or should have known that their misappropriation of paper, toner and employee time was wrongful and without authorization.

44. Plaintiff and the other Class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

45. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

46. Defendants' actions caused damages to Plaintiff and the other members of the Class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for

10

Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time would otherwise have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, DOCTOR DIABETIC SUPPLY, LLC and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court enter judgment finding Defendants unlawfully converted the fax machines of Plaintiff and the members of the Class and are liable to Plaintiff and the members of the Class for damages arising from their conversion;

C. That the Court award damages for each act of conversion;

D. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

E. That the Court award costs, including reasonable attorneys' fees, and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of a class of similarly-situated persons

By: /s/ Ryan M. Kelly
Ryan M. Kelly (FL Bar #90110)
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile: (847) 368-1501