UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-CV-22330-PAS-SEITZ/SIMONTON

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

DOCTOR DIABETIC SUPPLY, LLC, a Florida limited liability company, GEORGE T. HEISEL, DDS HOLDINGS, INC., SANARE, LLC and JOHN DOES 1-10,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendants SANARE, LLC ("Sanare") and DOCTOR DIABETIC SUPPLY, LLC ("DDS"), hereby submit their Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff PHYSICIANS HEALTHSOURCE, INC. ("PHI" or "Plaintiff"), and state as follows.

**ANSWER**

**PRELIMINARY STATEMENT**

1.    Defendants admit that Plaintiff brought an action against them, but deny the remaining allegations of this Paragraph.

2.    Defendants state that the allegations of Paragraph 2 are legal conclusions to which no response is required.  Notwithstanding, Defendants deny that Paragraph 2 accurately states the law.

3. Defendants state that the allegations of Paragraph 3 are conclusions to which no answer is required. To the extent that Paragraph 3 contains allegations of fact, Defendants deny such allegations.

4. Defendants admit that Plaintiff purports to bring this as a class action, but deny that Plaintiff is entitled to any of the relief sought in its Second Amended Complaint.

5. Defendants admit that Plaintiff purports to seek statutory damages, but deny that Plaintiff is entitled to any of the relief sought in its Second Amended Complaint.

## JURISDICTION AND VENUE

6. Defendants deny Paragraph 6. Defendants incorporate by reference herein their Affirmative Defenses alleged below regarding standing.

7. Defendants deny Paragraph 7.

## PARTIES

8. Defendants are without knowledge as to Paragraph 8, and therefore, it is deemed denied.

9. Defendants admit that DDS is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida, and deny the remaining allegations of Paragraph 9.

10. Defendants admit that Sanare is a Delaware limited liability company and deny the remaining allegations of Paragraph 10.

11. Defendants admit that Sanare acquired DDS in February 2011, and deny the remaining allegations of this Paragraph.

12. Defendants are without knowledge, and therefore deny Paragraph 12.

13. Defendants are without knowledge, and therefore deny Paragraph 13.

14. Defendants deny Paragraph 14.

15. Paragraph 15 contains conclusions to which no response is required. To the extent that a response is required, Paragraph 15 is denied.

## FACTS

16. Defendants deny Paragraph 16.

17. Defendants deny Paragraph 17.

18. Defendants deny Paragraph 18.

19. Defendants deny Paragraph 19.

20. Defendants are without knowledge, and therefore deny Paragraph 20.

21. Defendants deny Paragraph 21.

22. Defendants deny Paragraph 22.

23. Defendants state that Paragraph 23 of the Second Amended Complaint is a legal conclusion to which no answer is required. To the extent that any factual information is contained in Paragraph 23, Defendants deny the allegations.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

24. Defendants incorporate their responses in Paragraphs 1 through 23 above as though set forth herein.

25. Defendants admit that Plaintiff has brought an action under the statute, and that Paragraph 25 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny Paragraph 25.

26. Defendants state that Paragraph 26 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 26.

27. Defendants state that Paragraph 27 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 27.

28. Defendants state that Paragraph 28 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 28.

29. Defendants state that Paragraph 29 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 29.

30. Defendants state that Paragraph 30 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 30.

31. Defendants deny Paragraph 31.

32. Defendants state that Paragraph 32 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 32.

33. Defendants deny Paragraph 33.

34. Defendants deny Paragraph 34. Defendants deny that Plaintiff is entitled to any of the relief set forth in the *ad damnum* clause.

## COUNT II

## CONVERSION

35. Defendants incorporate their allegations in Paragraphs 3 and 6 through 19 above as though set forth herein.

36. Defendants state that Paragraph 36 contains conclusions of law to which no response is required. To the extent that an answer is required, Defendants deny Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.  Defendants deny that Plaintiff is entitled to any of the relief set forth in the *ad damnum* clause.

## AFFIRMATIVE DEFENSES

While reserving the right to amend to add other Affirmative Defenses as the case progresses and without waiver of the foregoing Answer and without making any admission as to any of the allegations set forth in the Second Amended Complaint, Defendants hereby submit the following Affirmative Defenses to the Second Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CLAIM

47. Plaintiff's claims are barred because it has failed to state a claim upon which relief may be granted.  Among other things, the challenged faxes are not "advertisements" and there was consent, express or implied, to receive each communication.

## SECOND AFFIRMATIVE DEFENSE

## LACK OF ARTICLE III STANDING

48. Plaintiff lacks standing to bring some or all of the claims in the Complaint because it fails to allege that it actually received any fax allegedly sent to Plaintiff.  Therefore, Plaintiff has not suffered any actual injury sufficient to confer standing under Article III.

CASE NO. 12-CV-22330-PAS-SEITZ/SIMONTON

### THIRD AFFIRMATIVE DEFENSE

### VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS

49.     The statutory damages provision of the Telephone Consumer Protection Act ("TCPA") that provides for statutory damages of $500 per facsimile advertisement and $1,500 for intentional violation, regardless of whether Plaintiff suffered any actual injury, violates Due Process rights conferred under the Fifth and Fourteenth Amendments to the U.S. Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on Defendants, and if a class were to be certified and liability found, the statutory damages award could be grossly disproportionate to any "harm" suffered by the class members.

### FOURTH AFFIRMATIVE DEFENSE

### EQUITABLE ESTOPPEL

50.     Upon information and belief, Plaintiff expressly or impliedly consented to receive facsimile communications.  Upon information and belief, any facsimile communications allegedly sent were based purely in reasonable reliance on such consent, implied or express, to receive such communications through a course of conduct.  In contravention of the course of conduct, Plaintiff now contends that it did not consent to receive facsimiles.  Plaintiff is equitably estopped from making this assertion by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### PROMISSORY ESTOPPEL

51.     Upon information and belief, Plaintiff expressly or impliedly consented to receive facsimile communications.  Upon information and belief, any facsimile communications allegedly sent were based purely in reasonable reliance on such promise of consent, implied or express, to receive such communications through a course of conduct.  In contravention of the

course of conduct, Plaintiff now contends that it did not consent to receive facsimiles. Plaintiff is barred from making this assertion by the doctrine of promissory estoppel.

## SIXTH AFFIRMATIVE DEFENSE

## ACQUIESCENCE

52. Upon information and belief, Plaintiff expressly or impliedly consented to receive facsimile communications. Upon information and belief, any facsimile communications allegedly sent were based purely in reasonable reliance on such consent, implied or express, to receive such communications through a course of conduct. In contravention of the course of conduct, Plaintiff now contends that it did not consent to receive facsimiles. Plaintiff is barred from making this assertion by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

## VIOLATION OF FIRST AMENDMENT

53. As applied in this case, the application of the TCPA would violate the First Amendment to the U.S. Constitution. Among other things, there is a public right to know and a right to inform the public of the Medicare Competitive Bidding Program.

## EIGHTH AFFIRMATIVE DEFENSE

## UNCLEAN HANDS

54. Plaintiff is barred by the doctrine of unclean hands. Specifically, Plaintiff has created a litigation mill designed to bring TCPA class actions throughout the country. This case is one of thirteen class actions filed in a span of six months by Physicians Healthsource in federal district courts in seven states in the wake of the U.S. Supreme Court's January 18, 2012 decision in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), in which the Court held that federal

courts have federal question jurisdiction over TCPA claims.[1]  Plaintiff is barred from using such tactics to recover under the TCPA.

### NINTH AFFIRMATIVE DEFENSE

### LACHES

55. Plaintiff's claims are barred by the doctrine of laches.  Plaintiff had a duty to exercise due diligence in the instigation of class-wide proceedings but unreasonably delayed in a manner that caused undue prejudice and/or injury to Defendants.

### TENTH AFFIRMATIVE DEFENSE

### INFORMATIONAL FAXES NOT ACTIONABLE UNDER THE TCPA

56. Plaintiff's claims are barred because the TCPA does not prohibit informational faxes that are not advertisements.

### ELEVENTH AFFIRMATIVE DEFENSE

### VIOLATION OF EXCESSIVE FINES CLAUSE

57. As applied in this case, the TCPA violates the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

---

[1] *Physicians Healthsource, Inc. v. Janssen Pharms., Inc. et al.*, Case No. 12-2132 (D. N.J. filed April 5, 2012); *Physicians Healthsource, Inc. v. Anda, Inc.*, Case No. 12-60798-CIV-Williams (S.D. Fla. filed May 1, 2012); *Physicians Healthsource, Inc. v. Reliant Techs., Inc.*, Case No. 12-2180 (N.D. Cal. filed May 1, 2012); *Physicians Healthsource, Inc. v. Allscripts-Misy's*, Case No. 12-3233 (N.D. Ill. filed May 1, 2012); *Physicians Healthsource, Inc. v. Alma Lasers, Inc.*, Case No. 12-4978 (N.D. Ill. filed June 22, 2012); *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, Case No. 12-5105 (N.D. Ill. filed June 26, 2012); *Physicians Healthsource, Inc. v. Cephalon, Inc. et al*, Case No. 12-3753 (E.D. Pa. filed July 3, 2012); *Physicians Healthsource, Inc. v. Stryker Sales*, Case No. 12-729 (W.D. Mich. filed July 16, 2012); *Physicians Healthsource, Inc. v. Formedic Commc'ns*, Case No. 12-15759 (D. N.J. filed Aug. 13, 2012); *Physicians Healthsource, Inc. v. Purdue Pharma LP et al*, Case No. 3:12-cv-01208-SRU (D. Conn. filed Aug. 17, 2012); *Physicians Healthsource, Inc. v. MultiPlan Services Corporation et al.*, Case No. 1:12-cv-11693-GAO (D. Mass. Sept. 12, 2012); *Physicians Healthsource, Inc. v. Diversified Medical*, Case No. 3:12-cv-02258-H-RBB (S.D. Cal. Sept. 17, 2012).

## TWELFTH AFFIRMATIVE DEFENSE

### *DE MINIMIS* HARM

58. Plaintiff's damages are barred by the *de minimis* doctrine. The damages claimed are insubstantial and do not amount to legally cognizable damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### STANDING

59. Plaintiff lacks standing to bring some or all of the claims in the Second Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### CONSENT

60. Upon information and belief, Plaintiff expressly or impliedly consented to receive any communications at issue. Specifically, upon information and belief, Plaintiff and/or physicians employed by Plaintiff consented to receive communications

61. Further, as a matter of law, no claim for conversion can stand because there was consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### STATUTE OF LIMITATIONS

62. Plaintiff's claims are barred, in whole or in part, by the statute of limitations. Specifically, the claims against Sanare, LLC were brought outside the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

## FAILURE TO MITIGATE DAMAGES

63. Plaintiff's recovery is barred, in whole or in part, by its failure to mitigate damages. Plaintiff had an affirmative duty to take reasonable actions to avoid harm to itself. Plaintiff failed to do so, and therefore, its claims are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## EXISTING BUSINESS RELATIONSHIP.

64. Plaintiff's claims are barred because, upon information and belief, there was an established business relationship between Plaintiff and Defendant DDS. Specifically, upon information and belief, Plaintiff and/or physicians employed by Plaintiff had an existing business relationship with Defendant DDS.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## NON-EXISTENT ENTITY

65. Plaintiff's claims are barred against Sanare, LLC because Sanare did not exist at the time of the first fax.

## NINETEENTH AFFIRMATIVE DEFENSE

## LACK OF CLASS ACTION

66. Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action, among other reasons, because the purported class is inadequately defined, Plaintiff cannot establish that the class is so numerous that joinder is impracticable, Plaintiff is not an adequate class representative, Plaintiff's counsel is inadequate, Plaintiff's claims and their underlying legal and factual issues are not typical or common of the claims and their underlying legal and factual issues of putative class members, Plaintiff's claims are subject to unique defenses,

common questions of law and fact do not predominate over individual issues, class treatment is not superior to other methods of determining the controversy, a class action would be unmanageable, and class-wide damages or injunctive relief is inappropriate.

## TWENTIETH AFFIRMATIVE DEFENSE

## VAGUENESS

67.  Plaintiff's claims are barred because the TCPA is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the U.S. Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## INJUNCTIVE RELIEF—FAILURE TO STATE A CLAIM

68.  Plaintiff's claims for injunctive relief fail to state a claim because Plaintiff is not entitled to injunctive relief insofar as such relief is not warranted or available. Plaintiff has failed to allege, and cannot prove, the elements necessary for injunctive relief.

CASE NO. 12-CV-22330-PAS-SEITZ/SIMONTON

Respectfully submitted,

***Counsel for Defendants Sanare, LLC and Doctor Diabetic Supply, LLC***

Louis Smith, Esq.
smithlo@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
200 Park Avenue, P.O. Box 677
Florham Park, NJ 07932
Tel. (973) 360-7900
Fax (973) 301-8410

--and--

GREENBERG TRAURIG, P.A.
401 E. Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Tel. (954) 765-0500
Fax (954) 765-1477

*/s/ John L. McManus*
KENNETH A. HORKY
Florida Bar No. 691194
horkyk@gtlaw.com
JOHN L. MCMANUS
Florida Bar No. 0119423
mcmanusj@gtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by ECF System or by U.S. Mail to the following listed persons, who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John L. McManus
JOHN L. MCMANUS

CASE NO. 12-CV-22330-PAS-SEITZ/SIMONTON

## SERVICE LIST

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of all others similarly situated, Plaintiff, vs. DOCTOR DIABETIC SUPPLY, LLC, a Florida limited liability company, GEORGE T. HEISEL, DDS HOLDINGS, INC., SANARE, LLC and JOHN DOES 1-10, Defendants.

_____

***Counsel for Plaintiff***
Ryan M. Kelly, Esq.
rkelly@andersonwanca.com
Brian J. Wanca, Esq.
bwanca@andersonwanca.com
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Fax: (847)368-1501

***Counsel for Defendants Doctor Diabetic Supply, LLC and Sanare, LLC***
Kenneth A. Horky, Esq.
horkyk@gtlaw.com
John L. McManus, Esq.
mcmanusj@gtlaw.com
GREENBERG TRAURIG, P.A.
401 E. Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Fax: (954) 765-1477

Louis Smith, Esq.
smithlo@gtlaw.com
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
200 Park Avenue, P.O. Box 677
Florham Park, NJ 07932
Telephone (973) 360-7900
Fax (973) 301-8410

***Counsel for Defendant George Heisel and DDS Holdings, Inc.***
Lawrence D. Silverman, Esquire
lawrence.silverman@akerman.com
Sandra J. Millor, Esquire
Sandra.millor@akerman.com
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131
Main: (305) 374-5600
Fax: (305) 374-5095