**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CV-22330-SEITZ/SIMONTON

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

DOCTOR DIABETIC SUPPLY, LLC, a Florida limited liability company, GEORGE T. HEISEL, DDS HOLDINGS, INC., SANARE, LLC and JOHN DOES 1-10,

        Defendants.
_____/

## ORDER PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT, AND APPROVING THE CLASS NOTICE

This matter having come before the Court by stipulation of Plaintiff Physicians Healthsource, Inc. ("PHI"), individually and on behalf of a class of persons similarly situated (the "Class"), and Defendants Doctor Diabetic Supply, LLC ("DDS") and Sanare, LLC ("Sanare"), and upon review and consideration of the Settlement Agreement executed by the parties dated November __, 2013 (the "Settlement Agreement"), **IT IS HEREBY ORDERED** that:

    1.    Pursuant to Rule 23, the settlement of this litigation ("Litigation") as between Plaintiff, DDS, and Sanare, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

2. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

3. The Court finds that:

(a) The Settlement Agreement was made in reasonable anticipation of potential liability against DDS which would arise from a finding that (i) 7,440 faxes were transmitted on or about July 1, 2008 and (ii) 10,000 faxes were transmitted on or about September 20, 2011, all without receiving prior express permission and without the required opt-out notice;

(b) The amount of the Judgment is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class and potential damages that could be awarded if the Class prevailed on its claims;

(c) DDS's decision to settle is reasonable based on the risk of an adverse judgment, the cost of defense and the uncertainties of litigation;

(d) The evidence adduced during discovery supports an inference that a total of 7,440 faxes were transmitted or about July 1, 2008;

(e) The evidence adduced during discovery supports an inference that a total of at least 10,000 faxes were transmitted on or about September 20, 2011;

(f) The Court dismissed all claims against Sanare based on the 2008 fax and the evidence adduced during discovery failed to support the liability of Sanare for the 2011 fax; and

(g) Defendants did not intentionally, willfully, or knowingly violate the Telephone Consumer Protection Act.

3.  The Settlement Agreement proposes class notice in the form of Exhibit 5A to the Settlement Agreement by publication in one of the bi-monthly issues of the Annals of Internal Medicine. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances, and that it satisfies the requirements of due process and Rule 23. That plan is approved and adopted. The Court further finds that the Notice of Class Action and Proposed Settlement complies with Rule 23, is appropriate as part of the notice plan, and is approved and adopted. The Court orders that Class counsel shall provide notice to the Class by publication. Pursuant to the Settlement Agreement, the Court orders that DDS pay for the publication notice (in an amount not to exceed $1,426.10).

4.  The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the parties to incorporate the deadlines and dates in the Class Notice:

    (a) Objections and motions to intervene, filed by any class member, shall be filed in this Court and postmarked and served on Plaintiff's counsel and counsel for DDS on or before _____, 2014, or shall be forever barred.

    (b) All memoranda filed by any class member in connection with objections, motions to intervene, or the Final Approval Hearing must be filed in this Court, and postmarked and served on Plaintiff's counsel and on DDS's counsel on or before _____, 2014, or shall be forever barred.

    (c) Requests by any class member to opt-out of the settlement must be filed on or before _____, 2014, or shall be forever barred. The Court shall rule on all requests for exclusion or opt-outs on _____, 2014.

8.  The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for

_____, 2014, at _____ am/pm, at the United States District Court, 400 North Miami Avenue, 11th Floor, Room 11-4, Miami, Florida 33128.

DONE and ORDERED in Miami, Florida on this \_\_ day of _____ 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE