UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-22330-CIV-SEITZ

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.

DOCTOR DIABETIC SUPPLY, LLC;
GEORGE T. HEISEL; DDS HOLDINGS, INC.;
and SANARE, LLC,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN PART

    Three of the four Defendants move for summary judgment. The motion of Sanare, LLC [DE-205] is granted in full, but the motion of George Heisel and DDS Holdings, Inc. ("DDSH") [DE-204] is granted only in part.

    Plaintiff Physicians Healthsource, Inc. is a physician group practice. Defendant Doctor Diabetic Supply, LLC ("DDS") is a mail-order distributor of diabetic testing supplies. Heisel was the CEO of DDS until February 11, 2011, when Sanare acquired DDS from a group of trusts represented by DDSH. DDSH was formed in January 2011 to effectuate the sale of DDS to Sanare.[1]

    This case involves two faxes that DDS sent to Plaintiff and others. The first, sent around July 1, 2008 (the "2008 Fax"), announced DDS's selection as an approved provider under a new Medicare policy and encouraged doctors to inform their patients about DDS. The second, sent around September 20, 2011 (the "2011 Fax"), encouraged the recipient to "Call [DDS] Today" because "[y]ou can still receive your CONTOUR® or BREEZE® 2 test strips through the mail." [DE-41-1 at 3.] Plaintiff brings two claims

---

[1] For additional factual background, see the Order Certifying Class [DE-201].

against all Defendants, each arising out of both faxes: for violation of the Telephone Consumers Protection Act ("TCPA") (Count I) and for conversion (Count II). [DE-41.]

On December 23, 2014, the Court certified a class of recipients of the 2008 Fax. [DE-201.] Defendants Sanare, Heisel, and DDSH move for summary judgment. [DE-204; DE-205.] Plaintiff has responded only to Heisel. [DE-209.] Heisel has not replied.[2]

## A. APPLICABLE LAW

The Telephone Consumer Protection Act (the "TCPA") makes it "unlawful for any person . . . to send any . . . unsolicited advertisement" to a fax machine unless certain requirements are met. 47 U.S.C. § 227(b)(1)(C). If those requirements are not met, the TCPA authorizes private parties to sue the "sender" of the advertisement for statutory damages. "Sender" means "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(1); *see also Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, - F.3d -, 13-14013, 2015 WL 1004234, at *8 (11th Cir. Mar. 9, 2015) (upholding this regulation).

Because the statutory prohibition applies to "any person," individuals can be held liable under the TCPA for sending unsolicited fax advertisements. In particular, a corporate officer "may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001); *see also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011) ("[I]f an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."); *cf. Mais v. Gulf Coast*

---

[2]   Plaintiff's deadline to respond was February 9, 2015. [DE-207.] Heisel's deadline to reply to Plaintiff's response was February 20, 2015.

*Collection Bureau, Inc.*, 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013) (in an automated-telephone-dialer case, an officer can be personally liable if he "authorized or personally engaged in conduct that clearly violated the TCPA" or "failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA").[3]

Plaintiff's conversion claim is premised on the same facts as its TCPA claim. Under Florida law, "any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *Palm Beach Golf*, 2015 WL 1004234, at *9. Plaintiff alleges that the two unsolicited fax advertisements converted Plaintiff's fax machine and employee time. [DE-41 at 11 ¶ 42.]

The three Defendants moving for summary judgment bear the burden of establishing that, even if all reasonable inferences from the evidentiary record are drawn in Plaintiff's favor, each of the three Defendants is still entitled to judgment as a matter of law because there is no genuine issue of material fact. Summary judgment is not appropriate for any particular claim if a reasonable jury could find for the Plaintiff on each element of that claim. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The Court will address the claims asserted against each of the three moving Defendants separately.

---

[3]   Although no federal appellate court has addressed corporate-officer liability under the TCPA, the Eleventh Circuit has recognized the same principle in other areas of law. *See, e.g., S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.").

## B. SANARE

Defendant Sanare states that it neither transmitted nor participated in the transmission of the 2011 Fax. The 2011 Fax itself never refers to Sanare or its products or services, and there is no evidence that Sanare employed anyone who was involved in the sending of the 2011 Fax. [DE-205; DE-205-1.] Because Defendant has provided evidence to support these assertions, and Plaintiff has failed to respond, the Court will treat these facts as undisputed under Federal Rule 56(e)(2) and Local Rule 56.1(b).

Because the 2011 Fax was neither sent by Sanare directly nor on Sanare's behalf, Sanare is not the "sender" of the 2011 Fax under the TCPA and is not liable for any conversion caused by its transmission. Sanare is thus entitled to summary judgment on both the TCPA claim and the conversion claim.[4]

## C. DDSH

As Plaintiff admits, Defendant DDSH was formed in January 2011. [DE-204 at 2 ¶ 4; DE-209 at 4 ¶ 4.] Therefore, it had no role in sending the 2008 Fax. Accordingly, DDSH is entitled to summary judgment as to both of Plaintiff's claims arising out of the 2008 Fax.

DDSH's motion for summary judgment does not address the 2011 Fax. Plaintiff represents that Plaintiff and DDSH have agreed to a dismissal without prejudice [DE-209 at 1 n.1], but no motion or stipulation of dismissal has been filed. Therefore, Plaintiff still has individual TCPA and conversion claims against DDSH arising out of the 2011 Fax.

---

[4] The claims against Sanare arising out of the 2008 Fax have already been dismissed. [DE-80.]

## D. H<small>EISEL</small>

As to the 2008 Fax, Heisel moves for summary judgment solely on the ground that he was not personally involved in sending the fax. Essentially, he argues that he thought it would be mailed, not faxed. However, there is contrary record evidence that creates an issue of fact for a jury to resolve.

Specifically, there is evidence that Heisel authorized Claudio Araujo, DDS's Vice President of Marketing and Technology, to send the 2008 Fax as a fax. In April and May 2008, Heisel discussed the 2008 Fax with Araujo and with legal counsel. [DE-209 at 7 ¶¶ 16–22.[5]] In fact, Heisel may have been the only person at DDS to communicate with counsel about the 2008 Fax. [*See* DE-204 at 2 ¶ 8.] At some point thereafter, Heisel and Araujo had a communication or discussion from which Araujo concluded that "the content was to be shared according to our plan." After that, the 2008 Fax was sent out by fax. According to Araujo, it would not have been sent out without Heisel's approval. [DE-209 at 8 ¶¶ 21–28.] This is enough circumstantial evidence for a reasonable jury to conclude that Heisel and Araujo's "plan" included sending the 2008 Fax as a fax.

Moreover, Heisel did not restrict the manner in which the 2008 Fax could be sent [DE-209 at 7 ¶ 25], even though there is evidence that he was otherwise familiar with DDS's use of faxes, including for advertising. For example, Heisel received an email on May 16, 2008 that asked if DDS had received "the corrected contract as well as the artwork the TRUEtrack meter for *your blast fax campaign.*" [DE-209-8 (emphasis added).] Moreover, DDS's fax vendor account was in Heisel's name. [DE-209 at 8 ¶¶ 21–28.]

---

[5] Plaintiff's response includes a statement of additional facts. Because each factual assertion has evidentiary support, and Heisel did not reply to Plaintiff's response, the Court will treat them as undisputed under Federal Rule 56(e)(2) and Local Rule 56.1(b).

Therefore, there is record evidence permitting a jury to conclude that Heisel "was not merely tangentially involved" but rather "personally authorized" the decision to send the 2008 Fax by fax rather than by mail. *Am. Blastfax,* 164 F. Supp. 2d at 898. This precludes granting summary judgment for Heisel as to the 2008 Fax on both the class's TCPA claim and the Plaintiff's individual conversion claim.

However, as to the 2011 Fax, Plaintiff admits that Defendant Heisel had no involvement in operating DDS after February 2011. [DE-204 at 2 ¶ 5; DE-209 at 4 ¶ 5.] Therefore, Heisel could not have directly authorized or participated in sending the 2011 Fax, which was sent in September 2011. Accordingly, Heisel is entitled to summary judgment as to the 2011 Fax on both the TCPA claim and the conversion claim.

### E. Conclusion

Subject to the parties' representation that DDSH will be dismissed, there are only three claims against two Defendants that remain. Those are: 1) the class's TCPA claims against DDS and Heisel arising out of the 2008 Fax; 2) Plaintiff's individual conversion claim against DDS and Heisel arising out of the 2008 Fax; and 3) Plaintiff's individual TCPA and conversion claims against DDS arising out of the 2011 Fax. Accordingly, it is hereby

ORDERED that

1) Sanare's motion for summary judgment [DE-205] is GRANTED.

2) All claims against Sanare are DISMISSED WITH PREJUDICE.

3) DDSH's and Heisel's motion for summary judgment [DE-204] is GRANTED IN PART. Specifically:

    a. All claims against DDSH arising out of the 2008 Fax are DISMISSED WITH PREJUDICE.

    b. All claims against Heisel arising out of the 2011 Fax are DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Miami, Florida, this 18th day of March, 2015.

_/s/ Patricia A. Seitz_
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE